# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CAROL D. WELCH**                              **CIVIL ACTION**

**VERSUS**                                      **NUMBER 16-76-SDD-EWD**

**MEGAN J. BRENNAN,**
**POSTMASTER GENERAL**

## RULING ON MOTION FOR APPOINTMENT OF
## COUNSEL AND MOTION TO PROCEED IN FORMA PAUPERIS

Before the court is the plaintiff's Motion to Appoint Counsel and Motion to Proceed In Forma Pauperis. (R. Doc. 2) For the reasons that follow, the Motion to Proceed In Forma Pauperis is DENIED without prejudice to Plaintiff reurging her request by filing the attached Application To Proceed In District Court Without Prepaying Fees Or Costs (Long Form) no later than May 16, 2016. Plaintiff is ORDERED to submit additional information with regard to the Motion to Appoint Counsel no later than May 16, 2016.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a form Complaint in this matter on February 4, 2016.[1] The caption of the Complaint lists defendant(s) as "Megan Brennan U.S. Postal Service." The body of the Complaint lists the defendant as the "US Postal Service."[2] Plaintiff alleges that she has been harassed and treated unfairly by Timothy Marioneaux, whom she alleges was the "manager at the Postal Service." Plaintiff further alleges that Mr. Marioneaux's actions caused her to have a heart attack.

The same date, Plaintiff filed an Application Under Section 706(f) of Civil Rights Act of

---

[1] R. Doc. 1.
[2] Megan J. Brennan is the Postmaster General of the United States and Chief Executive Officer of the United States Postal Service.

1964, 42 U.S.C. § 2000c- 5(f)(1) (the "Application"), seeking appointment of an attorney and authority to commence an action without prepayment of fees, costs or security.[3]  On March 8, 2016, the court denied Plaintiff's motions, noting that Plaintiff alleged she filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a determination from the EEOC, but did not include that information.   Plaintiff was ordered to supplement her motions with the information from the EEOC by March 22, 2016.[4]  On April 7, 2016, Plaintiff submitted the Final Agency Decision in *Carol Welch v. Megan J. Brennan, Postmaster General, c/o Southern Area Operations*, Agency Case No. 4G-700-0040-15,  EEOC Case No. 461-2015-00057X (the "Agency Decision").

According to the Agency Decision, Plaintiff filed a complaint of discriminatory harassment based on color (dark skinned), sex (female), age (DOB: January 2, 1959), retaliation (prior EEO activity), and disability.   While the Agency Decision notes the disability was not originally specified, during the investigative stage, Plaintiff identified her disability as Carpal Tunnel Syndrome.[5]  The Agency Decision further states that Plaintiff initially requested a hearing with an Administrative Judge of the EEOC but later withdrew her request and requested a final agency decision instead.[6]

The 41-page Agency Decision concludes that "the evidence did not support a finding that the complainant was subjected to discrimination as alleged.  Consequently, this complaint is now closed with a finding of no discrimination.[7]   Plaintiff did not submit her "right to sue" letter to the court, as ordered on March 22, 2016.

---

[3] R. Doc. 2.
[4] R. Doc. 3.
[5] R. Doc. 4, p. 3.
[6] R. Doc. 4, p. 4.
[7] R. Doc. 4, p. 43.

**DISCUSSION**

**I.     Motion to Proceed In Forma Pauperis**

An affidavit in support of a motion to proceed in forma pauperis is sufficient if it states that, due to poverty, one cannot afford to pay the costs of legal representation and still provide for herself and her dependents.  *See Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948).   While one need not be absolutely destitute to qualify for in forma pauperis status, such benefit is only allowed when a movant cannot give such costs and remain able to provide for herself and her dependents.  *Id*. at 339, 69 S.Ct. at 89; *see also*, *Ryan v. Ramsey*, 936 F.Supp. 417, 425 (S.D. Tex. 1996)

After considering Plaintiff's Application, the Court finds that it cannot determine whether the relief requested is appropriate based on the information provided.  First, Plaintiff has not verified that, due to poverty, she is unable to pay the costs of legal representation and still provide for herself and any dependents.  Additionally, the Application states that Plaintiff is still employed by the U.S. Postal Service earning $585.00 per week. The Application also states that Plaintiff owns a residence, valued at $260,000, that appears to have only a $176,000 mortgage.  Further, although Plaintiff lists additional debts of $124,000 (excluding the mortgage), there is no indication as to how much she pays each month on these obligations.

Accordingly, the Application is DENIED at this time in so far as it seeks authority to proceed in forma pauperis, without prejudice to Plaintiff reurging her request by filing the attached Application To Proceed In District Court Without Prepaying Fees Or Costs (Long Form) no later than May 16, 2016.

**II.     Motion for Appointment of Counsel**

The decision of whether to provide counsel to a Title VII plaintiff rests solely in the discretion

3

of the court, as a Title VII plaintiff has no absolute right to appointment of counsel. In determining whether counsel should be appointed, the court should consider the following factors:

    1)   Whether the complainant has the financial ability to retain counsel;

    2)   Whether the complainant has made a diligent effort to retain counsel; and

    3)   Whether the complainant has a meritorious claim.[8]

As with the request to proceed in forma pauperis, there is not enough information contained in the Application to determine whether appointment of counsel is warranted. For the reasons set forth above, there is insufficient financial information to determine whether Plaintiff has the financial means to retain counsel. Additionally, Plaintiff has still not provided sufficient information about her EEOC charge for the court to determine whether she has a meritorious claim. For example, although Plaintiff provided the Agency Decision, because Plaintiff has still not provided her "right to sue" letter, despite the court's March 22, 2016 Order, the court cannot even make a determination about whether the Complaint was timely filed.

Accordingly, Plaintiff is hereby ORDERED to file with the court a **complete** copy of her Equal Opportunity Commission (EEOC) investigative file by no later than May 16, 2016. The Application with regard to the issue of appointment of counsel will be considered submitted at that time.

---

[8] *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir.1977).

Plaintiff is advised that failure to timely file the requested documentation in support of her Application may result in denial of the Application without further notice.

Signed in Baton Rouge, Louisiana, on April 26, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**