# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CAROL D. WELCH**                                   **CIVIL ACTION**

**VERSUS**                                           **NUMBER 16-76-SDD-EWD**

**MEGAN J. BRENNAN,**
**POSTMASTER GENERAL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 12, 2016.

                                                                        *Erin Wilder-Doomes*
                                                                        **ERIN WILDER-DOOMES**
                                                                        **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROL D. WELCH | CIVIL ACTION |
| VERSUS | NUMBER 16-76-SDD-EWD |
| MEGAN J. BRENNAN, POSTMASTER GENERAL | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a form Complaint in this matter on February 4, 2016.[1] The caption of the Complaint lists defendant(s) as "Megan Brennan U.S. Postal Service." The body of the Complaint lists the defendant as the "US Postal Service."[2] Plaintiff alleges that she has been harassed and treated unfairly by Timothy Marioneaux, whom she alleges was the "manager at the Postal Service." Plaintiff further alleges that Mr. Marioneaux's actions caused her to have a heart attack.

Also on February 4, 2016, Plaintiff filed an Application Under Section 706(f) of Civil Rights Act of 1964, 42 U.S.C. § 2000c-5(f)(1) (the "Application"), seeking appointment of an attorney and authority to commence an action without prepayment of fees, costs or security.[3]

On March 8, 2016, the court denied Plaintiff's motions, noting that Plaintiff alleged she filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a determination from the EEOC, but did not include that information. Plaintiff was ordered to supplement her motions with the information from the EEOC by March 22, 2016.[4]

---

[1] R. Doc. 1.
[2] Megan J. Brennan is the Postmaster General of the United States and Chief Executive Officer of the United States Postal Service.
[3] R. Doc. 2.
[4] R. Doc. 3.

On April 7, 2016, Plaintiff submitted the Final Agency Decision in *Carol Welch v. Megan J. Brennan, Postmaster General, c/o Southern Area Operations*, Agency Case No. 4G-700-0040-15, EEOC Case No. 461-2015-00057X (the "Agency Decision").  According to the Agency Decision, Plaintiff filed a complaint of discriminatory harassment based on color (dark skinned), sex (female), age (DOB: January 2, 1959), retaliation (prior EEO activity), and disability.  While the Agency Decision notes the disability was not originally specified, during the investigative stage, Plaintiff identified her disability as Carpal Tunnel Syndrome.[5]  The Agency Decision further states that Plaintiff initially requested a hearing with an Administrative Judge of the EEOC but later withdrew her request and requested a final agency decision instead.[6]

The 41-page Agency Decision concludes that "the evidence did not support a finding that the complainant was subjected to discrimination as alleged.  Consequently, this complaint is now closed with a finding of no discrimination.[7]  Plaintiff did not submit her "right to sue" letter to the court, as ordered on March 22, 2016.

After considering the supplemental evidence submitted, the court issued a Ruling on Motion for Appointment of Counsel and Motion to Proceed In Forma Pauperis.[8]  With regard to the Motion to Proceed in Forma Pauperis, the court found that it could not determine whether the relief requested was appropriate.  Plaintiff's Application states she is still employed earning $585.00 per week and that she owns a residence that may have equity.  Additionally, the Application lists additional debts, but does not state how much the Plaintiff pays each month on those obligations.  Accordingly, the court denied Plaintiff's Application without prejudice to Plaintiff reurging her request by filing an Application To Proceed In District Court Without Prepaying Fees Or Costs

---

[5] R. Doc. 4, p. 3.
[6] R. Doc. 4, p. 4.
[7] R. Doc. 4, p. 43.
[8] R. Doc. 5.

2

(Long Form) no later than May 16, 2016.[9]

The court likewise requested additional information in order to evaluate the Motion to Appoint Counsel.  Specifically, the court noted that Plaintiff "has still not provided sufficient information about her EEOC charge for the court to determine whether she has a meritorious claim.  For example, although Plaintiff provided the Agency Decision, because Plaintiff has still not provided her 'right to sue' letter, despite the court's March 22, 2016 Order, the court cannot even make a determination about whether the Complaint was timely filed."[10] The court ordered Plaintiff to file a complete copy of her Equal Employment Opportunity Commission (EEOC) investigative file by no later than May 16, 2016 and advised that the Motion to Appoint Counsel would be considered submitted at that time.

A review of the docket in this matter shows that Plaintiff again failed to comply with this court's April 26, 2016 orders and did not file any additional information into the record. Accordingly, the court issued an Order to Show Cause on June 10, 2016, requiring Plaintiff to appear in person and show cause why the case should not be dismissed for failure to pay the filing fee.[11]  The Order to Show Cause further advised that Plaintiff could pay the filing free or file the Application To Proceed In District Court Without Prepaying Fees Or Costs (Long Form) by July 5, 2016 in lieu of appearing.  Finally, the Order to Show Cause states, "**Failure to comply with this Order may result in dismissal of this proceeding without further notice**."[12]  Plaintiff did not appear for the hearing on July 12, 2016, nor did she pay the filing fee or file the Application To Proceed In District Court Without Prepaying Fees Or Costs (Long Form).

---

[9] *Id.* at 3.
[10] *Id.* at 4.
[11] R. Doc. 6.
[12] *Id.* (emphasis in original).

. **RECOMMENDATION**

It is recommended that this matter be dismissed without prejudice for failure of the plaintiff to pay the filing fee.

Signed in Baton Rouge, Louisiana, on July 12, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

4